UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ACOSTA, JR., | Case No. 1:21-cv-00380-HBK[1] |
| Plaintiff, | ORDER GRANTING AWARD AND PAYMENT OF ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | (Doc. No. 14) |
| Defendant. | |

This matter comes before the Court upon a *sua sponte* review of the docket.[2] Pending before the Court is the parties' stipulated motion for award of attorney's fees filed on December 23, 2021. (Doc. No. 14). The parties agree to an award of attorney's fees and expenses to Plaintiff's attorney, Meghan O. Lambert of Osterhout Berger Disability Law, in the amount of $2,586.25 in attorney fees and expenses, pursuant to the Equal Access to Justice Act ("EAJA"),

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 9).

[2] The Court apologizes for the undue delay in granting the requested relief and urges counsel in the future not to hesitate to contact chambers sooner in the future should it appear a pleading may have been overlooked. Because the pleading was filed as a stipulation and not as a motion, the undersigned was not alerted that any pleading required the court's attention, especially because the case was closed. The parties are advised that when court attention is required for any requested relief, even if the parties stipulate to the requested relief, the parties must file as a motion.

1  28 U.S.C. § 2412.  (*Id.*).

2  On October 14, 2021, this Court granted the parties' stipulated motion for a remand and
3  remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for
4  further administrative proceedings.  (Doc. No. 12).  Judgment was entered the same day.  (Doc.
5  No. 13).  Plaintiff now requests an award of fees as the prevailing party.  *See* 28 U.S.C. § 2412(a)
6  & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S.
7  292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42
8  U.S.C. § 405(g) is a prevailing party).  The Commissioner does not oppose the requested relief.

9  The EAJA provides for an award of attorney fees to private litigants who both prevail in
10 civil actions (other than tort) against the United States and timely file a petition for fees.  28
11 U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party
12 unless it finds the government's position was "substantially justified or that special circumstances
13 make such an award unjust."  *Id*.  Here, the government did not show its position was
14 substantially justified and the Court finds there are not special circumstances that would make an
15 award unjust.

16 Based on the stipulation, the Court finds an award of $2,586.25 in attorney fees and
17 expenses is appropriate.  EAJA fees, expenses, and costs are subject to any offsets allowed under
18 the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010).  If
19 the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not
20 subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted
21 to Plaintiff's counsel.

22 ////
23 ////
24 Accordingly, it is **ORDERED:**
25 1. The stipulated motion for attorney fees and expenses (Doc. No. 14) is **GRANTED**.
26 2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in
27 the amount of $2,586.25 in attorney fees and expenses.  Unless the Department of Treasury
28 determines that Plaintiff owes a federal debt, the government shall make payment of the EAJA

fees to Plaintiff's counsel, Meghan O. Lambert of Osterhout Berger Disability Law, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

Dated: February 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE